JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>    v.<br><br>David Zuniga; Lisa Zuniga a.k.a. Lisa Renouf; Select Portfolio Servicing, Inc.; Deutsche Bank National Trust Company, as Trustee for the Certificateholders of the Morgan Stanley ABS Capital One Inc., Trust 2006-HE7, Mortgage Pass Through Certificates, Series 2006 HE7; and State of California Franchise Tax Board,<br><br>    Defendants. | Case No.: CV 17-3858-DMG (MRWx)<br><br>**JUDGMENT [26]** |

Based on the Stipulation to Reduce Tax Assessments to Judgment and Foreclose on Real Property, and all other matters properly made part of the record:

**IT IS ORDERED:**

**A. First Claim for Relief:  Reduce Tax Assessments to Judgment**

Judgment is entered in favor of the United States and against David Zuniga and Lisa Zuniga a.k.a. Lisa Renouf for tax years 2001, 2002, 2005, 2007, 2008, and 2015 (the tax years at issue) as follows:

| Tax Year | Tax Assessed | Date of Assessment | Notice and Demand | Balance Due as of 4/28/2017 |
|---|---|---|---|---|
| 2001 | $ 1,025,037.00 | 4/10/2006 | 4/10/2006 | $ 2,548,307.86 |
| 2002 | $    289,166.00 | 4/17/2006 | 4/17/2006 | $    638,833.44 |
| 2005 | $      28,322.00 | 10/26/2009 | 10/26/2009 | $      61,600.88 |
| 2007 | $    372,065.00 | 5/26/2008 | 5/26/2008 | $      11,617.46 |
| 2008 | $    181,441.00 | 6/22/2009 | 6/22/2009 | $    124,232.64 |
| 2015 | $    209,174.00 | 10/17/2016 | 10/17/2016 | $    236,971.67 |
|  |  |  | Total | $ 3,621,563.95 |

Interest and penalties on the judgment will run in accordance with the laws of the United States.  This resolves the First Claim for Relief in favor of the United States and against David and Lisa Zuniga.

**B. Second Claim for Relief:  Foreclosure of Federal Tax Liens Against Real Property**

The United States has valid tax liens arising from David and Lisa Zuniga's unpaid income tax liabilities for the tax years at issue which attached to the real property located at 2615 Millsweet Place, Riverside, California (APN 136-220-005) (the property), is legally described as follows:

> PARCEL A: PARCEL 4 OF PARCEL MAP NO. 9026, IN THE CITY OF RIVERSIDE, COUNTY OF RIVERSIDE, AS PER MAP RECORDED IN BOOK 60 PAGE(S) 15, OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF RIVERSIDE COUNTY, CALIFORNIA.

> PARCEL B: A NON-EXCLUSIVE EASEMENT FOR INGRESS AND EGRESS AND PUBLIC UTILITIES OVER, UNDER AND ACROSS LOTS A, B, C, D, AND E AND THE WESTERLY 6.00 FEET OF PARCEL 4 OF PARCEL MAP 9026, AS PER MAP RECORDED IN BOOK 60, PAGE 15 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF RIVERSIDE COUNTY.

The tax liens for the tax years at issue attached to the property. The United States is entitled to foreclose the tax liens. The United States shall not exercise its right to sell the property for 180 days from the date judgment is entered.

This resolves the Second Claim for Relief in favor of the United States.

**C. Procedure for Foreclosure**

The subject property will be sold according to the following procedure for foreclosure:

1. The real properties described above shall be sold by the Area Director of the Internal Revenue Service, Los Angeles, California Area (hereinafter "Area Director"), or his delegate, the Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS") in accordance with the provisions of Title 28, United States Code, Sections 2001 and 2002.

2. Any party to this proceeding or any person claiming an interest in either property may move the Court, pursuant to Title 28, United States Code, Section 2001(b), for an order for a private sale of the subject property. Any such motion shall be filed within twenty (20) days of the date of this Judgment and shall set forth with particularity (a) the nature of the moving party's interest in the property, (b) the reasons why the moving party believes that a private sale would be in the best interests of the United States of America and any other claimant involved herein, (c) the names of three proposed appraisers and a short statement of their qualifications, and (d) a proposed form of order stating the terms and conditions of the private sale. Any such motion shall comply with Rule 7 of the Local Rules of the District Court for the Central District of California.

3. The Area Director, or the PALS, is ordered to sell the properties if they do not become the subject of a motion pursuant to the preceding paragraph, in accordance with Title 28, United States Code, Sections 2001(a) and 2002. The

3

properties shall be sold separately by public sale at the Riverside County Superior Court at 4050 Main Street, Riverside, California as follows:

    a. The PALS shall announce the date and time for sale.

    b. Notice of each sale shall be published once a week for at least four (4) consecutive weeks prior to the sale in at least one newspaper regularly issued and of general circulation in Riverside County, California. Said notice shall describe the subject property by both its street address and its legal description, and shall contain the terms and conditions of sale as set out herein.

    c. The terms and conditions of sale shall be as follows:

        i. A minimum bid determined by reference to the current fair market value shall be required. The minimum bid shall be 75% of the current fair market value as determined by an appraisal of the property by the PALS. The terms of sale as to all persons or parties bidding shall be by money order or by certified or cashier's check

        ii. The PALS shall set the minimum bid. If the minimum bid is not met or exceeded, the PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid.

        iii. At the time of the sale, the successful bidder shall be required to deposit with the PALS, by cash, money order, or by certified or cashier's check payable to the United States District Court for the Central District of California, a deposit equal to twenty percent (20%) of the bidder's total bid immediately upon the property being struck off and awarded to such bidder as the highest and best bidder.

        iv. The successful bidder shall remit the remaining eighty percent (80%) of said purchase price to be paid on or before 5:00 p.m.,

within three (3) business days of the date of sale, by cash, money order, or by certified or cashier's check payable to the United States District Court for the Central District of California.

  v. The cash, money order, or certified or cashier's check payable to the United States District Court for the Central District of California shall be given to the PALS by the successful bidder, who will deposit the funds with the Clerk of this Court.

  vi. Should the successful bidder fail to comply with the terms of the sale, such bidder shall be liable to the United States for twenty percent (20%) of the value of the property as a penalty. The Clerk shall distribute the 20% penalty as directed by the PALS by check made to the "United States Treasury" to be applied toward payment of said penalty. Payment of said penalty shall not be a credit on the judgment of the United States. The subject property shall again be offered for sale under the terms and conditions of this order for sale or, in the alternative, sold to the second highest bidder.

4. The Clerk of the District Court is directed to accept the proceeds of each sale and deposit it into the Court's registry for distribution pursuant to a further order.

5. Upon selling the property, the United States of America shall prepare and file with this Court an Application by the United States of America Confirming Sale and Directing Distribution of Sale Proceeds, which will set forth an accounting and report of sale for the subject property. The sale of the property shall be subject to confirmation by this Court. The Application by the United States of America Confirming Sale and Directing Distribution of Sale Proceeds shall be filed within thirty (30) days from the date of such sale. If no objections have been filed in writing in this case with the Clerk of the Court within fifteen (15) days of the date of sale, the sale

shall be confirmed by the Court without necessity of motion.  On confirmation of the sale, the Court will direct the Internal Revenue Service to execute and deliver its deed conveying the subject property to the purchaser.  On confirmation of the sale, all interests in, liens against, or claims to the subject property that are held or asserted by all parties to this action are discharged and extinguished.

    6.    Possession of the property after the sale shall be yielded to the purchaser upon the production of the Certificate and Sale of Deed; and if there is refusal to so yield, a Writ of Assistance may, without further notice, be issued by the Clerk of this Court to compel delivery of the subject property sold to the purchaser.

    7.    Until the property is sold, defendants David Zuniga and Lisa Zuniga:

        a. Shall take all reasonable steps necessary to preserve the property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the property;

        b. Shall timely pay all real property taxes, mortgage payments, homeowners association dues (if any), and homeowner insurance premiums;

        c. Shall neither commit waste against the property nor cause nor permit anyone else to do so;

        d. Shall neither do anything that tends to reduce the value or marketability of the property nor cause nor permit anyone else to do so; and

        e. Shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the property or that may tend to deter or

discourage potential bidders from participating in the public auction, nor cause nor permit anyone else to do so.

8. After the Court confirms the sale of the property, and by Order on the application made by the United States of America as to the specific amounts at issue, the sale proceeds deposited with the Clerk of this court shall be applied to the following items, in the order specified:

   a. First, to the United States of America, for the expenses of the sale of the House;
   b. Second, to Deutsche Bank National Trust Company, as Trustee for the Certificateholders of the Morgan Stanley ABS Capital One Inc., Trust 2006-HE7, Mortgage Pass Through Certificates, Series 2006 HE7 ("Deutsche Bank Trust") for the mortgage;
   c. Third, to the United States and the State of California Franchise Tax Board based on assessment date;
   d. If any amounts remain after payment to the United States and the Franchise Tax Board, the remainder shall be paid to David and Lisa Zuniga.

9. The Court hereby retains jurisdiction of this action for the purpose of making proper distributions of the proceeds of the sales, and resolving any dispute, if any, pursuant to the Application by the United States of America Confirming Sale and Directing Distribution of Sale Proceeds, and Order of this Court upon said Application. All scheduled dates and deadlines are VACATED.

**IT IS SO ORDERED**.

DATED: October 11, 2017

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE